68 F.3d 488
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Tim R. MARSHALL, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3373.
 United States Court of Appeals, Federal Circuit.
 Oct. 17, 1995.
 
 Before MAYER, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Tim R. Marshall appeals from the March 10, 1995 final decision of the Merit Systems Protection Board, Docket No. CH0752940086-I-1, sustaining his removal by the United States Postal Service ("agency"). Because Marshall has not demonstrated any error in the board's decision, we affirm.
 
 DISCUSSION
 
 2
 The agency employed Marshall as a Postal Inspector. In early 1993, the agency conducted an investigation into Marshall's professional conduct. The agency found that Marshall failed to follow basic investigative procedures and correctly identify suspects. In particular, Marshall was found to have failed to personally observe suspects and drug buys, allowed confidential informants to determine buy locations, improperly provided single photographs of suspects for purposes of suspect identification, failed to monitor drug purities to insure the integrity of investigations and the safety and credibility of informants, and failed to independently verify information provided by informants. In addition, the agency determined that Marshall withheld relevant information from a prosecutor by failing to inform the prosecutor that a witness was a paid confidential informant. The agency also found that Marshall coached a witness to conceal information. The agency further determined that Marshall failed to inform prosecutors of exculpatory information concerning multiple criminal defendants and improperly requested a delay in dismissing criminal charges against another defendant. The agency also determined that Marshall failed to maintain any case file on a criminal suspect, failed to verify that another suspect was a postal employee who sold illegal narcotics, and failed to account for the receipt and destruction of evidence. The agency removed Marshall from his position in November 1993. He appealed to the board.
 
 
 3
 In an October 13, 1994 Initial Decision, an Administrative Judge (AJ) sustained eleven of the fourteen charges of misconduct against Marshall (merging two of the non-sustained charges), and affirmed Marshall's removal. The AJ specifically rejected the credibility of Marshall's testimony concerning many of the events at issue. The AJ's Initial Decision became the final decision of the board when it denied Marshall's petition for review. See 5 C.F.R. Sec. 1201.113 (1995). This appeal followed.
 
 
 4
 Our review of a decision of the board is limited by statute to determining whether the decision was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 5
 On appeal, Marshall argues that the board's decision was not supported by substantial evidence. We disagree with Marshall's contention. Substantial evidence is "such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached." Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Having carefully reviewed the record, we are fully persuaded that the board's decision was supported by substantial evidence. The records of Marshall's investigations and the testimony of Inspector James Miller, who investigated Marshall, constituted substantial evidence upon which the board reasonably relied in sustaining the agency's allegation of professional negligence. The testimony of Prosecutor Michael Maloney supported the board's determination that Marshall withheld relevant information by failing to disclose that a witness had been a paid confidential informant of the Inspection Service since May 1992. The board's determination that Marshall coached a witness to conceal information was supported by the testimony of Inspectors Citera and Miller and the statements of informants Rice and Fokes-El. Ample evidence in the record supported the board's decision to sustain or merge all but one of the remaining charges against Marshall.
 
 
 6
 Marshall asks us, in effect, to make our own credibility determinations and to reevaluate the weight of the evidence. Our limited standard of review does not permit us to do so. Many of the AJ's findings were based on credibility determinations, which are "virtually unreviewable" on appeal. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 7
 We have considered Marshall's remaining arguments, including his assertion that he received inadequate training and his contention that the AJ erred by not allowing him to introduce the testimony of several witnesses. We find these arguments unpersuasive. Therefore, we affirm the board's decision sustaining Marshall's removal.